UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| LUIS MENDEZ, JR., Individually and On Behalf of All Others Similarly Situated, | § § § § | |
| Plaintiff, | § § | No. _____ |
| v. | § § | JURY TRIAL DEMANDED |
| SCHLUMBERGER TECHNOLOGY CORPORATION, | § § § | |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff Luis Mendez, Jr. (referred to as "Plaintiff" or "Mendez") bringing this collective action and lawsuit on behalf of himself and all other similarly situated employees to recover unpaid overtime wages from Defendant Schlumberger Technology Corporation (referred to as "Defendant" or "Schlumberger"). In support thereof, he would respectfully show the Court as follows:

### I. Nature of Suit

1. Mendez's claims arise under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA").

2. The FLSA was enacted to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers." 29 U.S.C. § 202(a). To achieve its humanitarian goals,

the FLSA defines appropriate pay deductions and sets overtime pay, minimum wage, and recordkeeping requirements for covered employers.  29 U.S.C. §§ 206(a), 207(a), 211(c).

3. Schlumberger violated the FLSA by employing Mendez and other similarly situated nonexempt employees "for a workweek longer than forty hours [but refusing to compensate them] for [their] employment in excess of [forty] hours … at a rate not less than one and one-half times the regular rate at which [they are or were] employed."  29 U.S.C. § 207(a)(1).

4. Schlumberger violated the FLSA by failing to maintain accurate time and pay records for Mendez and other similarly situated nonexempt employees as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

5. Mendez brings this collective action under 29 U.S.C. § 216(b) on behalf of himself and all other similarly situated employees to recover unpaid overtime wages.

## II.  Jurisdiction & Venue

6. The Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because it arises under the FLSA, a federal statute.

7. Venue is proper in this district and division pursuant to 28 U.S.C. §§ 1391(b)(1), (2) because Schlumberger resides in the Corpus Christi Division of the Southern District of Texas and/or a substantial part of the events or omissions giving rise to Mendez's claims occurred in the Corpus Christi Division of the Southern District of Texas.

## III. Parties

8. Plaintiff Luis Mendez, Jr. is an individual who resides in Kenedy County, Texas and who was employed by Schlumberger during the last three years.

9. Defendant Schlumberger Technology Corporation is a Texas corporation that may be served with process by serving its registered agent:

> Capitol Corporate Services, Inc.
> 206 East 9th Street, Suite 1300
> Austin, Texas 78701-4411

Alternatively, if the registered agent of Schlumberger Technology Corporation cannot with reasonable diligence be found at the company's registered office, Schlumberger Technology Corporation may be served with process by serving the Texas Secretary of State pursuant to Tex. Bus. Org. Code § 5.251 and Tex. Civ. Prac. & Rem. Code § 17.026.

10. Whenever it is alleged that Schlumberger Technology Corporation committed any act or omission, it is meant that the company's officers, directors, vice-principals, agents, servants or employees committed such act or omission and that, at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Schlumberger Technology Corporation or was done in the routine and normal course and scope of employment of the company's officers, directors, vice-principals, agents, servants or employees.

## IV. Facts

11. Schlumberger is an oilfield services company; it does business in the territorial jurisdiction of this Court.

12. Schlumberger employed Mendez as a slickline specialist (prior to April 2017) and as a field specialist (from April 2017 through the present).

13. Mendez's primary duties were nonexempt.

14. As a slickline specialist, Mendez was primarily responsible for monitoring downhole operations at oil wells and reporting his findings to a supervisor.

15. Similarly, as a field specialist, Mendez was primarily responsible for monitoring and maintaining oil wells and reporting his findings to a supervisor.

16. Mendez's primary duties did not include office or nonmanual work.

17. Mendez's primary duties were not directly related to the management or general business operations of Schlumberger or its customers.

18. Mendez's duties did not differ substantially from the duties of traditionally nonexempt hourly workers.

19. Mendez did not exercise a meaningful degree of independent discretion with respect to the exercise of his duties.

20. Mendez did not have the discretion or authority to make any decisions with respect to matters of significance.

21. Instead, Mendez was required to follow the policies, practices and procedures set by Schlumberger.

22. Mendez did not have any independent authority to deviate from these policies, practices and procedures.

23. During Mendez's employment with Schlumberger, he was engaged in commerce or the production of goods for commerce.

24. During Mendez's employment with Schlumberger, the company had employees engaged in commerce or in the production of goods for commerce or had employees handling, selling or otherwise working on goods or materials that had been moved in or produced for commerce by others.

25. During Mendez's employment with Schlumberger, the company had an annual gross volume of sales made or business done of at least $500,000.

26. Schlumberger paid Mendez on a salary basis.

27. During Mendez's employment with Schlumberger, he regularly worked in excess of forty hour per week; in fact, Mendez was often scheduled to work seventy-two (or more) hours per week.

28. Schlumberger knew or reasonably should have known that Mendez worked in excess of forty hours per week.

29. Schlumberger did not pay Mendez overtime "at a rate not less than one and one-half times the regular rate at which [he was] employed." 29 U.S.C. § 207(a)(1).

30. Instead, Schlumberger paid Mendez a fixed sum of money regardless of the number of hours he worked.

31. In other words, Schlumberger paid Mendez for the overtime that he worked at a rate less than one and one-half times the regular rate at which he was in employed in violation of the FLSA.

32. Schlumberger knew or reasonably should have known that Mendez was not exempt from the overtime provisions of the FLSA.

33. Schlumberger failed to maintain accurate time and pay records for Mendez as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

34. Schlumberger knew or showed a reckless disregard for whether its pay practices violated the FLSA.

35. Schlumberger is liable to Mendez for his unpaid overtime wages, liquidated damages and attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

36. All slickline specialists and all field specialists employed by Schlumberger are similarly situated to Mendez because they (1) have similar job duties; (2) regularly worked in excess of forty hours per week; (3) are not paid overtime for the hours they work in excess of forty per week as required by 29 U.S.C. § 207(a)(1) and (4) are entitled to recover their unpaid overtime wages, liquidated damages and attorneys' fees and costs from Schlumberger pursuant to 29 U.S.C. § 216(b).

## V. Count One—
### Failure to Pay Overtime in Violation of 29 U.S.C. § 207(a)

37. Mendez adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

38. During Mendez's employment with Schlumberger, he was a nonexempt employee.

39. As a nonexempt employee, Schlumberger was legally obligated to pay Mendez "at a rate not less than one and one-half times the regular rate at which [he was] employed[]" for the hours that he worked over forty in a workweek. 29 U.S.C. § 207(a)(1).

40. Schlumberger did not pay Mendez overtime as required by 29 U.S.C. § 207(a)(1) for the hours he worked in excess of forty per week.

41. Instead, Schlumberger paid Mendez a fixed sum of money regardless of the number of hours he worked.

42. In other words, Schlumberger paid Mendez for the overtime that he worked at a rate less than one and one-half times the regular rate at which he was in employed in violation of the FLSA.

43. If Schlumberger classified Mendez as exempt from the overtime requirements of the FLSA, he was misclassified because no exemption excuses the company's noncompliance with the overtime requirements of the FLSA.

44. Schlumberger knew or showed a reckless disregard for whether its pay practices violated the overtime requirements of the FLSA; in other words, Schlumberger willfully violated the overtime requirements of the FLSA.

### VI.  Count Two—
### Failure to Maintain Accurate Records in Violation of 29 U.S.C. § 211(c)

45. Mendez adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

46. The FLSA requires employers to keep accurate records of hours worked by and wages paid to nonexempt employees. 29 U.S.C. § 211(c); 29 C.F.R. pt. 516.

47. In addition to the pay violations of the FLSA described above, Schlumberger also failed to keep proper time and pay records as required by the FLSA.

## VII. Count Three—
## Collective Action Allegations

48. Mendez adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

49. On information and belief, other employees have been victimized by Schlumberger's violations of the FLSA identified above.

50. These employees are similarly situated to Mendez because, during the relevant time period, they held similar positions, were compensated in a similar manner and were denied overtime wages at one and one-half times their regular rates for hours worked over forty in a workweek.

51. Schlumberger's policy or practice of failing to pay overtime compensation is a generally applicable policy or practice and does not depend on the personal circumstances of the putative class members.

52. Since, on information and belief, Mendez's experiences are typical of the experiences of the putative class members, collective action treatment is appropriate.

53. All employees of Schlumberger, regardless of their rates of pay, who were paid at a rate less than one and one-half times the regular rates at which they were employed for the hours that they worked over forty in a workweek are similarly situated. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts. The classes are therefore properly defined as:

> All slickline specialists employed by Schlumberger during the last three years; and

> All field specialists employed by Schlumberger during the last three years.

54. Schlumberger is liable to Mendez and the members of the putative classes for the difference between what it actually paid them and what it was legally obligated to pay them.

55. Because Schlumberger knew and/or showed a reckless disregard for whether its pay practices violated the FLSA, the company owes Mendez and the members of the putative classes their unpaid overtime wages for at least the last three years.

56. Schlumberger is liable to Mendez and the members of the putative classes in an amount equal to their unpaid overtime wages as liquidated damages.

57. Schlumberger is liable to Mendez and the members of the putative classes for their reasonable attorneys' fees and costs.

58. Mendez has retained counsel who are well versed in FLSA collective action litigation and who are prepared to litigate this matter vigorously on behalf of him and all other putative class members.

## VIII. Jury Demand

59. Mendez demands a trial by jury.

## IX.  Prayer

60.  Mendez prays for the following relief:

   a. an order allowing this action to proceed as a collective action under 29 U.S.C § 216(b);

   b. judgment awarding Mendez and the members of the putative classes all unpaid overtime compensation, liquidated damages, attorneys' fees and costs;

   c. prejudgment interest at the applicable rate;

   d. postjudgment interest at the applicable rate;

   e. incentive awards for any class representative(s); and

   f. all such other and further relief to which Mendez and the other slickline specialists and field specialists may show themselves to be justly entitled.

Respectfully submitted,

MOORE & ASSOCIATES

By: */s/ Melissa Moore*
Melissa Moore
State Bar No. 24013189
Federal Id. No. 25122
Curt Hesse
State Bar No. 24065414
Federal Id. No. 968465
Lyric Center
440 Louisiana Street, Suite 675
Houston, Texas 77002
Telephone: (713) 222-6775
Facsimile: (713) 222-6739

**ATTORNEYS FOR PLAINTIFF LUIS MENDEZ, JR.**

- 11 -

Of Counsel:

Bridget Davidson
State Bar No. 24096858
Federal Id. No. 3005005
MOORE & ASSOCIATES
Lyric Center
440 Louisiana Street, Suite 675
Houston, Texas 77002
Telephone: (713) 222-6775
Facsimile: (713) 222-6739