| UNITED STATES DISTRICT COURT | SOUTHERN DISTRICT OF TEXAS CORPUS CHRISTI DIVISION |
|---|---|

| | |
|---|---|
| LUIS MENDEZ, JR., Individually and On Behalf of All Others Similarly Situated,<br><br>*Plaintiff*,<br><br>v.<br><br>SCHLUMBERGER TECHNOLOGY CORPORATION,<br><br>*Defendant*. | §§§§§§§§§§§§§<br><br>No. 2:17-cv-00384<br>Jury |

**JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT**

Plaintiff Luis Mendez, Jr. (referred to as "Mendez"), individually and on behalf of all others similarly situated, and Defendant Schlumberger Technology Corporation (referred to as "STC") request that the Court approve the settlement agreement entered into between the parties and dismiss this case with prejudice.[1]

**I. Background**

Mendez filed a putative collective action lawsuit against STC alleging that the company violated the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219, ("FLSA") by, among other things, failing to pay him and others similarly situated overtime for hours worked in excess of forty (40) per workweek. (Pl.'s Compl. (Doc.

---

[1] The Parties are filing in conjunction with this Motion a separate Joint Motion for Leave to File Settlement Agreement under seal.

1) ¶¶ 37-44.) STC denies that it is liable to Mendez or anyone else. (*See generally*, Def.'s Answer (Doc. 8).) On October 4, 2019, the Court authorized notice regarding the pendency of this case and the right to join it to "all salaried employees who performed the duties of a slickline specialist from the three years prior to" October 3, 2019. (Order (Doc. 44) p. 15.) After the notice was sent, a total of twelve people consented in writing to be part of it under 29 U.S.C. § 216(b), although some were later dismissed.[2] (*See*, Bondi Consent (Doc. 47); Parker Consent (Doc. 48); Montet Consent (Doc. 49); Harrison Consent (Doc. 50); Thibodeaux Consent (Doc. 51); Julien Consent (Doc. 52); Brown Consent (Doc. 53); Hlanak Consent (Doc. 54); Heyd Consent (Doc. 55); Weeks Consent (Doc. 57); Louviere Consent (Doc. 58); Vicknair Consent (Doc. 66); Order of Dismissal (Doc. 72).) The parties conducted significant discovery, and they attended mediation. Although mediation was unsuccessful, Mendez and STC, through their lawyers, continued to explore resolution. Ultimately, after years of litigation, the parties reached an agreement to resolve their dispute, which was memorialized in a confidential settlement agreement. Now, they request that the Court approve the settlement agreement and dismiss this case with prejudice.

---

[2] The parties' Joint Motion to Dismiss Opt-In Plaintiff David Louviere (Doc. 87) is still pending.

## II. Argument & Authorities

**A.    There was a bona fide dispute between the parties.**

If, on the one hand, Mendez's allegations were ultimately proven at trial, STC would be faced with a substantial monetary judgment in favor of both him and the opt-in plaintiffs as well as an obligation to pay their attorneys' fees and costs. If, on the other hand, STC prevailed on one or more of its defenses, Mendez and the opt-in plaintiffs would recover nothing or substantially less than what they sought and would be liable for STC's costs. The parties on both sides were represented by experienced lawyers throughout this case, and as evidenced by, among other things, the extensive motion practice, they had arguments in support of their respective positions (for example, with respect to whether Mendez and the opt-in plaintiffs were exempt from the overtime requirements of the FLSA). Accordingly, the Court should conclude a bona fide dispute existed between the parties.

**B.    The proposed settlement is a fair and reasonable.**

The precise terms of the settlement are reflected in the settlement agreement, which the Parties seek leave to file under seal. The settlement was the product of arm's length negotiations by experienced counsel and has the salutary effect of (1) providing relief to Mendez and the opt-in plaintiffs and (2) eliminating the inherent risks both sides would bear if this litigation continued to resolution on the merits. Such negotiations allowed the parties to bridge the gap between their settlement

positions and obtain the resolution described. Under these circumstances, the settlement agreement is presumptively fair. *See*, *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982) (recognizing that courts rely on the adversary nature of a litigated FLSA case resulting in settlement as indicia of fairness). The settlement agreement is also reasonable because substantial obstacles exist if litigation continues, and the settlement provides immediate relief.

The parties disagree about the merits of Mendez's and the opt-in plaintiffs' claims, the viability of STC's defenses, and the proper calculation of damages. Without settlement, they would have continued with the discovery process, including depositions of key management witnesses, the dispositive motion process (STC filed three separate motions for partial summary judgment and a separate motion for decertification) and possibly trial. Regardless of who prevailed and at which stage in the process, an appeal to the Fifth Circuit would have likely resulted. If that happened, this case would not be finally resolved until years from now. The settlement agreement ends the lawsuit and provides certainty and immediate benefits to Mendez and the opt-in plaintiffs.

In reviewing a settlement agreement for fairness, courts should, of course, be mindful of "the vagaries of litigation and compare the significance of immediate recovery by way of the compromise to the mere possibility of relief in the future, after protracted and expensive litigation." *San Antonio Hispanic Officers' Org., Inc.*

*v. City of San Antonio,* 188 F.R.D. 433, 458 (W.D. Tex. 1999). Courts also must compare the terms of the settlement with the rewards Mendez and the opt-in plaintiffs would have been likely to receive following a successful trial. *Reed v. General Motors Corp.*, 703 F.2d 170, 172 (5th Cir. 1983). Continued litigation of these issues would almost certainly require extensive time, labor and resources, which are weighed against the risk that if this case went to trial, Mendez and the opt-in plaintiffs, could recover nothing or far less than what they are receiving through settlement. Being able to establish liability and damages at trial would be quite challenging, and Mendez and the opt-in plaintiffs would have forfeited their ability to receive a monetary benefit now. *See*, *In re Chicken Antitrust Litig. Am. Poultry*, 669 F. 2d 228, 239 (5th Cir. 1982) (inquiry into fairness "should contrast settlement rewards with likely rewards if the case goes to trial").

In determining whether the settlement is fair and reasonable, the Court should be mindful that "there is a 'strong presumption in favor of finding a settlement fair.'" *Domingue v. Sun Elec. & Instrumentation, Inc.*, 2010 WL 1688793, at *1 (M.D. La. 2010) (*citing Camp v. Progressive Corp.*, 2004 WL 2149079, at *5 (E.D. La. 2004)). Also, the fact "that th[e] settlement is the negotiated result of an adversarial proceeding is an indication of its fairness." *Id*. More importantly, the terms of the settlement have been approved by Mendez and the opt-in plaintiffs, their counsel, STC, and STC's counsel. Mendez and the opt-in plaintiffs entered into the settlement

agreement voluntarily and knowingly, and they understand that they are relinquishing their claims in this matter in exchange for the agreed upon settlement. In short, the Parties agree that the terms of the settlement agreement are reasonable, fair and just, and the parties want to finally resolve all of the claims in this lawsuit.

The parties further agreed that the terms of the settlement will be kept confidential. *See, e.g., XPO Logistics, Inc. v. Leeway Glob. Logistics, LLC*, No. 2:15-CV-00703-CW, 2018 WL 400769, at *5 (D. Utah Jan. 12, 2018) (sealing settlement agreement and noting that "keeping the amount and the terms of the settlement confidential and out of the public record under these circumstances will not undermine the purposes of the FLSA," "[t]here is no per se rule against such confidentiality in the FLSA itself," and "denying a motion to seal may chill future settlement discussions."); *Saenz v. Erick Flowback Servs., LLC*, No. 5:14-cv-00593, Dkt. No. 121 (W.D. Okla. May 23, 2016) (granting joint motion for leave to file FLSA settlement under seal); *Lewis v. Bushwood Invs., LLC*, 13-2610-JAR-JPO, 2015 WL 1523895, at *3 (D. Kan. Apr. 3, 2015) (permitting the FLSA settlement agreement to be filed under seal); *Porter v. W. Side Rest., LLC*, No. 13-1112-JAR-KGG, Dkt. No. 122 (D. Kan. Feb. 18, 2015) (same); *Green v. Drake Beam Morin, Inc.*, No. 1:11-cv-01063, Dkt. No. 106 (D. Colo. Oct. 10, 2012) (granting joint motion for leave to restrict FLSA settlement agreement); *Darrow v. WKRP Management, LLC*, No. 1:09-cv-01613, Dkt. No. 200 (D. Colo. Sept. 6, 2012)

(granting joint motion to file settlement agreement and supporting declarations under seal in FLSA class action); *Curiel v. The Garlic Knot Express, LLC,* No. 1:11-cv-00205, Dkt. No. 33 (D. Colo. Jul. 27, 2011) (granting joint motion to seal confidential settlement of FLSA claims).

### III. Conclusion

The parties and their counsel agree that the settlement agreement is a reasonable compromise of Mendez's and the opt-in plaintiffs' claims in light of the procedural posture of the case, the litigation risks, and the ever-escalating costs. Because the settlement agreement is a reasonable compromise, the Parties request that their settlement agreement be approved and that this case be dismissed with prejudice.

| Respectfully Submitted, | Respectfully Submitted, |
|---|---|
| MOORE & ASSOCIATES<br>440 Louisiana Street, Suite 1110<br>Houston, TX 77002<br>Telephone: (713) 222-6775<br>Facsimile: (713) 222-6739 | THE KULLMAN FIRM, P.L.C.<br>1100 Poydras Street, Suite 1600<br>New Orleans, LA 70163<br>Telephone: (504) 524-4162<br>Facsimile: (504) 596-4189 |
| By: *[signature]*<br>Melissa Moore<br>Tex. Bar No. 24013189<br>melissa@mooreandassociates.net<br>Curt Hesse<br>Tex. Bar. No. 24065414<br>curt@mooreandassociates.net | By: s/ Samuel Zurik, III w/p CCH<br>Samuel Zurik, III<br>Tex. Bar No. 24044397<br>sz@kullmanlaw.com |
| **ATTORNEYS FOR PLAINTIFFS** | **ATTORNEYS FOR DEFENDANT** |

## **CERTIFICATE OF SERVICE**

As required by Fed. R. Civ. P. 5(a)(1), I certify that I served this document on all parties or their attorney(s) of record—who are listed below—on June 11, 2021, in accordance with Fed. R. Civ. P. 5(b) as follows:

> Mr. Samuel Zurik, III
> sz@kullmanlaw.com
> Mr. Bryan Edward Bowlder
> beb@kullmanlaw.com
> THE KULLMAN FIRM, PLC
> 1100 Poydras Street, Suite 1600
> New Orleans, Louisiana 70163
> Facsimile: (504) 596-4189
> Attorney for Defendant Schlumberger Technology Corporation
> ☐ mail
> ☐ personal delivery
> ☐ leaving it at ☐ office ☐ dwelling
> ☐ leaving it with court clerk
> ☐ electronic means
> ☐ other means
> ☒ CM/ECF system

Mr. Martin J. Regimbal
mjr@kullmanlaw.com
Ms. Jennifer D. Sims
jds@kullmanlaw.com
THE KULLMAN FIRM, PLC
119 3rd Street South, Suite 2
Columbus, Mississippi  39701
Facsimile: (662) 244-8837
Attorneys for Defendant Schlumberger Technology Corporation

☐ mail
☐ personal delivery
☐ leaving it at ☐ office ☐ dwelling
☐ leaving it with court clerk
☐ electronic means
☐ other means
☒ CM/ECF system

_____
Curt Hesse